| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------X

LYNDON ROACH,

        Plaintiff,

                                  **MEMORANDUM AND ORDER**

       -against-                             10-CV-4118 (KAM)

ANDREW CUOMO, ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

        Defendant.

-----------------------------------------------------------x

MATSUMOTO, United States District Judge:

        On September 3, 2010, plaintiff Lyndon Roach, who is currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action pursuant to 28 U.S.C. § 2403 challenging the New York State Penal laws under which he was indicted. By Memorandum and Order dated October 5, 2010, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed plaintiff to file an amended complaint within 30 days. Plaintiff has not yet filed an amended complaint, but on October 20, 2010, plaintiff filed a motion to reconsider the Court's October 5, 2010 Order. For the reasons that follow, the motion for reconsideration is denied and the complaint is dismissed.

**Motion for Reconsideration**

        Plaintiff's original complaint claimed that Penal Laws §§ 105.05, 110, 165.50, 170.25, and 190.65 were "unconstitutional because [they were] never certified as constitutional by the

New York State Supreme Court." (Compl. at 2.)[1]  The complaint did not allege any specific constitutional defect or present any other factual or legal basis for this circular claim.  Plaintiff also claimed that Penal Law § 460.20 was unconstitutional because it subjected him to double jeopardy "by allowing the State to charge me criminally and commence a civil action simultaneously, in which, the State of New York, upon Grand Jury indictment to seize my assets and property, without due process of law without establishing any guilt of the conduct alleged."  (Compl. at 3.)  However, the complaint failed to identify any portion of that statute that violates the constitution.  Accordingly, the Court directed plaintiff to file an amended complaint in order to comply with the dictates of Rule 8 of the Federal Rules of Civil Procedure.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiff has not yet filed an amended complaint; instead, he filed a motion to reconsider ("Mot.") the October 5, 2010 Order.  This motion reiterates plaintiff's claim that the Penal Laws are invalid because they were not certified as constitutional.  Plaintiff still has not presented any grounds for challenging the constitutionality of these laws.  He now argues that the burden is on the State of New York to prove that its laws are constitutional, without proposing any legal basis for this argument in the context of his claims.  (Mot. at 2.)[2]

---

[1]  As the complaint is not paginated, the Court refers to the page numbers assigned by the Electronic Case Filing system ("ECF").

[2]  The motion for reconsideration is also not paginated; the referenced pages were assigned by ECF.

A motion for reconsideration of a court's order is permitted under Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-established that Rule 60(b)(6) is not a vehicle for simply relitigating the merits of a case." *Mangano v. United States*, No. 98-CV-4970, 2005 U.S. Dist. LEXIS 13649, *6 (E.D.N.Y. July 8, 2005). Motions for reconsideration are also governed by Local Civil Rule 6.3, which requires that the movant file "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. Plaintiff's instant motion fails to identify any legal principles or data that the court overlooked. Accordingly, the motion to reconsider the Court's order is denied.

**Younger v. Harris**

In his Motion for Reconsideration, plaintiff clarified that he does "not wish to convert my action for Intervention, constitutional challenge and notice pursuant to 2403(b) into a per se 1983 Constitutional violation lawsuit based upon injury that some law enforcement personnel has committed against me." (Mot. at 2.) In any case, plaintiff may not seek this Court's intervention in an ongoing criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has

held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Here, the criminal case against plaintiff is still pending. Plaintiff acknowledges that litigation is "current." (Mot. at 3.)[3] New York has an important state interest in enforcing its criminal laws. And plaintiff is free to raise his constitutional claims in the pending criminal proceedings. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *Schlagler v. Phillips*, 166 F.3d 439 (2d Cir. 1999) (*Younger* abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights). Plaintiff has not alleged any facts that would bring his case within any exception for extraordinary circumstances. Accordingly, Plaintiff's constitutional claims regarding his pending criminal case must be dismissed.

## CONCLUSION

Accordingly, this *in forma pauperis* action is dismissed pursuant to 28 U.S.C. §

---

[3] Moreover, the Court takes judicial notice that plaintiff – identified by his name and case number 03782-2007 – was arrested on July 3, 2007 and that charges are pending pursuant to New York Penal Law §§ 105.05, 165.45, 110-165.50, 170.25, 190.65 and 460.20 . See http://iapps.courts.state.ny.us/webcrim_attorney/ (last visited 11/18/10).

4

1915A(b), which requires the Court to dismiss the complaint or any portion of a complaint brought by a prisoner against a governmental entity or its agents, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). Because the Court did not consider whether the state law is constitutional, the Court declines to certify this question to the Attorney General of the State of New York pursuant to 28 U.S.C. § 2403. *Johnson v. Artuz*, No. 99-0005, 1999 U.S. App. LEXIS 16678, *3 (2d Cir. 1999); *Romaine v. Rawson*, No. 99-CV-603, 2004 WL 1013316, at *2 n.1 (N.D.N.Y. May 6, 2004). The Court, however, certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
November 18, 2010